IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROBERT SAYRES                                                                                 PLAINTIFF

                          v.                             Civil No. 06-3043

SHERIFF DANNY HICKMAN,
Boone County Sheriff's Department;
INVESTIGATOR JACK HUTSON,
Boone County Sheriff's Department;
MAJOR DOUG HARRIS, Arkansas
Department of Correction; DAVID
MUNIZ, Chief of Police, Berryville,
Arkansas; JIM CAMPBELL; DEPUTY
WALKER; and JUDGE PUTMAN,
Circuit Judge, Boone County Circuit Court                                 DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Robert Sayres, an inmate of the Omega Technical Violator's Unit, brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. Sayres' complaint was filed in forma pauperis (IFP) subject to a later determination of whether service of process should issue on defendants.

### I. Background

In his complaint, Sayres states he filed a claim against the defendants on around July 17, 2005. On around February 10, 2006, he alleges Major Doug Harris locked Sayres down because he had made a collect call to Mr. Webb after having received a letter from him. According to Sayres, the letter stated that he could contact Mr. Webb if necessary.

Sayres maintains Sheriff Danny Hickman and Officer Jack Hutson retaliated against him by calling the prison and having Sayres locked down. He also contends Hutson fabricated evidence against him. Sayres alleges Hutson, Judge Putman, and Jim Campbell wrongfully

-1-

revoked his bond. Finally, Sayres indicates he wants to prove Dave Muniz hired him as a Berryville police officer.

## II. Discussion

As part of the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, signed into law on April 26, 1996, section 1915, which governs proceedings filed in forma pauperis, was amended in an effort to address concerns about, and reduce the number of, frivolous prisoner initiated lawsuits. 28 U.S.C. § 1915. Prior to the PLRA's amendments to § 1915, a prisoner who attained in forma pauperis status was exempted from paying court fees. After the enactment of the PLRA, prisoners granted IFP status are required to pay the filing fee although they are permitted to pay it in installments. 28 U.S.C. § 1915(b).

The PLRA also added subsection 1915(g) which limits the ability of a prisoner, who has filed at least three claims that have been dismissed as frivolous, malicious, or failing to state a claim, to obtain in forma pauperis status. Specifically, § 1915(g) provides that:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision has commonly become known as the "three strikes rule" or the "three strikes provision" and has withstood constitutional challenges. *See e.g., Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

Since the filing of the instant action, it has come to the court's attention that Sayres has at least three previous actions that qualify as strikes against him under section 1915(g). *See e.g., Sayres v. Pearson*, Civil No. 05-3049 (W.D. AR--dismissed as frivolous on 12/1/2005); *Sayres*

AO72A
(Rev. 8/82)

*v. First Arkansas Bailbonds, et al.,* Civil No. 4:06-00407 (E.D. AR–dismissed as frivolous on 4/10/2006); *Sayres v. Hutson, et al.,* Civil No. 05-3063 (W.D. AR--dismissed as frivolous on 5/19/2006). In addition, Sayres has not alleged any facts to indicate that he is under imminent danger of serious physical injury. *Cf. Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (finding allegations of ongoing danger sufficient where prisoner specified two incidents where he had suffered harm and allegations were supported by documentary evidence). Therefore, Sayres is not eligible for IFP status.

### III. Conclusion

Accordingly, I recommend that Sayres' IFP status be revoked pursuant to section 1915(g), and that this action be dismissed without prejudice to his right to re-open it with payment of the appropriate filing fee. *See Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997) (revoking IFP status under section 1915(g) and dismissing action without prejudice to inmate's right to re-file it upon payment of filing fee). Sayres should be instructed to file a motion to reopen the action upon payment to the United States District Clerk of the proper filing fee.

It should be noted that, in the event that Sayres tenders the filing fee, he will also be responsible for other costs associated with this action, such as costs of service and fees for the issuance of any requested subpoenas. In addition, Sayres is precluded from filing any future civil action IFP unless he is under imminent danger of serious physical injury. It is therefore recommended that the following order be entered:

> The clerk of this court is directed to provisionally file any new action in which Robert Sayres seeks to proceed IFP. The magistrate judge shall then review the action and, if it is a civil action, rather than a criminal or habeas one, and, if Sayres has not asserted a valid claim that he is under imminent danger of

serious physical injury, the magistrate judge shall recommend that IFP status be denied.

**Sayres has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Sayres is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 15th day of August 2006.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)